# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 19-cv-00232-RBJ
Criminal Case No. 17-cr-00135-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLARENCE DEARING,

    Defendant,

## ORDER DENYING MOTION TO VACATE

Clarence Dearing, representing himself pro se, moves to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of counsel. ECF No. 725.[1] Pursuant to this Court's order, the government responded. ECF No. 748. The Court now finds that the files and records of the case conclusively show that Mr. Dearing is entitled to no relief and therefore denies the motion without a hearing. *See* 28 U.S.C. § 2255(b).

## BACKGROUND FACTS AND CASE HISTORY

On March 14, 2018 Mr. Dearing pled guilty to Count Two of the Indictment, Distribution and Possession with the Intent to Distribute a Quantity of a Mixture and Substance Containing Cocaine Base, a Schedule II Controlled Substance. ECF No. 461.[2] He was represented by an experienced criminal defense lawyer, Richard N. Stuckey, who had been appointed from the CJA panel. Before his change of plea hearing, Mr. Dearing presented a Plea Agreement and a

---

[1] Although the case has both civil and criminal case numbers, the citations in this order are to the criminal case.

[2] He was one of 14 defendants charged in a conspiracy to distribute crack cocaine.

Statement by Defendant in Advance of Plea of Guilty. ECF Nos. 462 and 463. Those documents were marked Court Exhibits 1 and 2 for the Change of Plea Hearing. During the hearing Mr. Dearing confirmed under oath that he had read both documents, discussed them with counsel, and understood their contents. ECF No. 744 at 9 (transcript). In his Statement by Defendant in Advance of Plea of Guilty Mr. Dearing represented, "I am satisfied with my attorney. I believe that I have been represented effectively and competently in this case." ECF No. 463 at 8, ¶25. During the Change of Plea Hearing Mr. Dearing again represented that he was satisfied with counsel. ECF No. 744 at 8.

Mr. Dearing also specifically advised the Court during that hearing that he was guilty of the crime charged, and that the stipulation of a factual basis as set forth in the Plea Agreement was accurate. *Id.* at 11, 12-13. Included in the stipulation was the parties' agreement that Mr. Dearing's total relevant conduct was at least 28 grams but fewer than 112 grams of cocaine base. ECF No. 462 at 7. He expressly confirmed during the Change of Plea Hearing that his relevant conduct was at least 28 but fewer than 112 grams of crack cocaine. ECF No. 744 at 12. Based on that stipulated amount, the parties agreed that the base offense level for purposes of the Federal Sentencing Guidelines was 24. After subtracting three levels for his acceptance of responsibility the parties agreed that the offense level was 21.

As part of his plea bargain Mr. Dearing agreed to waive his right to appeal with certain specific exceptions. Plea Agreement, ECF No. 462, at 3. The Court discussed this partial appellate waiver with Mr. Dearing during the Change of Plea Hearing. He stated that he understood the waiver and understood that unless one of the listed exceptions applied, he could not successfully appeal the Court's sentence. ECF No. 744 at 15-16. He added that he had no questions about the appellate waiver. *Id.* at 16.

Mr. Dearing was again represented by Mr. Stuckey at his Sentencing Hearing. The Court found that, based on an offense level of 21 and a criminal history category of V, the recommended sentencing range under the Guidelines was 70-87 months' imprisonment. ECF No. 749 at 25 (transcript). Mr. Stuckey on behalf of Mr. Dearing sought a variance to a sentence of 46 months. Motion for Non-Guideline Sentence, ECF No. 545, at 3. The Court granted a variance, though not to the extent requested by counsel, and sentenced Mr. Dearing to 60 months imprisonment. ECF No. 749 at 28.

In his motion to vacate his sentence Mr. Dearing's asserts the following:

1. The correct amount of relevant conduct, specifically, that his relevant conduct should have been 27, such that the base level should have been 22, and his offense level after deducting the acceptance of responsibility credits should have been 19. This would have generated a more favorable recommended Guideline range (57-71 months). ECF No. 725 at 4. Mr. Stuckey was deficient in failing to argue this.

2. Mr. Stuckey failed to file a notice of appeal on his behalf or to consult with him regarding his desire to appeal. *Id.*

3. Mr. Stuckey did not advise him on the advantages and disadvantages of pleading guilty. *Id.* at 5.

4. His Guideline range should have been 37-46 months, again based on 27.87 grams of cocaine base. This is essentially duplicative of his first argument, except that it implicitly suggests that the offense level should have been 15, as that is the only way one gets to a 37-46-month range with a criminal history category V. He faults his lawyer for allowing this mistake to occur.

5. His criminal history category was overstated because "Petitioner has no other criminal

3

history." Here he argues that he should have had an offense level of 19 and criminal history category I, resulting in a 30-37-month range. Again, he faults his lawyer for allowing this mistake to occur.

## ANALYSIS AND CONCLUSIONS

"To prevail on a claim that trial counsel was ineffective, a defendant must establish (1) that 'counsel's representation fell below an objective standard of reasonableness,' and (2) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Fairchild v. Trammell,* 784 F.3d 702, 715 (10th Cir. 2015 (quoting *Strickland v. Washington,* 466 U.S. 668, 688 (1984)).

As indicated above, Mr. Dearing informed the Court before it accepted his guilty plea that he was satisfied with counsel. These representations to the Court, both in writing and in response to questions from the Court, are significant. *See Romero v. Tansy,* 46 F.3d 1024, 1033 (10th Cir. 1995) ("It is well-established that a defendant's statements on the record, 'as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings.'") (quoting *Blackledge v. Allison,* 431 U.S. 63, 74 (1977)). *See also United States v. Weeks,* 653 F.3d 1188, 1205 (10th Cir. 2011) ("[T]he 'truth and accuracy' of a defendant's statements during the Rule 11 proceeding 'should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements.'" (quoting *Hedman v. United States,* 527 F.2d 20, 22 (10th Cir. 1975) (per curiam)).

Concerning his present allegations of ineffectiveness, the Court finds that the asserted facts on which Mr. Dearing attempts to show that his counsel was ineffective (despite his representation to this Court to the contrary) are wrong:

4

1. As indicated above, Mr. Dearing specifically agreed in writing and orally that his relevant conduct was at least 28 grams of cocaine base. His reference to 27.87 grams refers to the amount he sold to a Confidential Human Source in one transaction on September 29, 2016, not to his total relevant conduct. *See* Plea Agreement, ECF No. 462, at ¶¶23-25.

2. As also indicated above, Mr. Dearing agreed in writing to waive his right to appeal, subject to specified exceptions, and he confirmed his understanding of, and agreement to, this partial waiver during his Change of Plea Hearing. The appellate waiver was enforceable. *See United States v. Hahn,* 359 F.3d 1315, 1324-27 (10th Cir. 2004). Mr. Dearing asserts that he wished to appeal, that Mr. Stuckey did not consult him about that, and that no appeal was filed. Mr. Stuckey plainly consulted with him about his right to appeal before Mr. Dearing entered his plea. I do not know what discussions Mr. Dearing and Mr. Stuckey might have had about an appeal after sentencing. Regardless, the only exception to the appellate waiver that plausibly applies is the issue raised in the pending motion – ineffective assistance of counsel. However, for the reasons provided in this order, his arguments about ineffective assistance of counsel are wholly lacking in merit. Therefore, even if I were to assume, notwithstanding the appellate waiver, that Mr. Stuckey could be faulted for not filing a direct appeal, there was no prejudice to Mr. Dearing.

3. Mr. Dearing's assertion that Mr. Stuckey did not consult with him about the advantages and disadvantages of pleading guilty is demonstrably false. In addition to the written and oral representations he made to the Court as discussed above, I note that in his Statement by Defendant in Advance of Plea of Guilty, Mr. Dearing also represented,

> 24. I have had sufficient opportunity to discuss this case and my intended plea of guilty with my attorney. I do not wish to consult with my attorney any further before I enter my plea of guilty.

5

26. My decision to enter the plea of guilty is made after full and careful thought, with the advice of my attorney, and with full understanding of my rights, the facts and circumstances of the case, and the potential consequences of my plea of guilty.

27. I want to plead guilty and have no mental reservations about my decision.

ECF No. 463 at 7-8, ¶¶24-27.

The whole point of the Change of Plea Hearing was to go over once again, with Mr. Dearing and his attorney, his rights, options, and the potential consequences of a guilty plea. Mr. Dearing confirmed that he had obtained his lawyer's advice on the matters contained in the Plea Agreement and Statement by Defendant, and that he understood both his rights and the potential consequences of a plea. His assertion after the fact that he wasn't advised by his lawyer on these things is baseless.

4. Again, Mr. Dearing is mistaken about the calculation of his offense level. Moreover, the suggestion that it should have been 15 contradicts his earlier argument that it should have been 22. Both arguments were wrong, and no fault can be attributed to his attorney for failing to object to the correct computation.

5. Mr. Dearing acknowledges that Mr. Stuckey argued in a pre-sentence motion that his criminal history category overstated his criminal history. Mr. Stuckey moved for a downward departure under Guideline § 4A1.3(b)(1).[3] ECF No. 546. He argued that two felony convictions from 1997 and 1998 and the sentences imposed fell outside the 15-year window for receiving criminal history points. He pursued his argument at some length during the Sentencing Hearing. *See* ECF No. 749 at 2-9. The Probation Office and, ultimately, the Court disagreed with that argument. *See* Addendum to Presentence Report, ECF No. 564, and the

---

[3] "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."

6

Sentencing Hearing transcript, ECF No. 749, at 23-25. Alternatively, Mr. Stuckey argued that if those two offenses were within the 15-year window, then they were close enough to falling off that they overstated Mr. Dearing's criminal history. The Court did not agree with that argument either.[4] In short, far from being evidence of a deficient performance, the fact is that Mr. Stuckey strenuously argued for a departure on Mr. Dearing's behalf. Mr. Dearing's beef concerning his criminal history category is with the Court, not his lawyer, and that might have been a matter to raise on direct appeal had he not waived that right.

## ORDER

Mr. Dearing has provided no evidence or credible argument suggesting deficient performance by counsel (representation that fell below an objective standard of reasonableness) or prejudice to Mr. Dearing (a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). Therefore, the motion to vacate, ECF No. 725, is DENIED.

Dated: September 20, 2019

BY THE COURT:

R. Brooke Jackson
United States District Judge

---

[4] The Probation Department reported that Mr. Dearing had 76 prior adult convictions. Presentence Investigation Report, ECF No. 534, at 12-28, ¶¶ 52-127. Four of these prior convictions were felonies, but only two of the felonies received criminal history points. Of the rest of the convictions, only three received criminal history points. Even so, the criminal history points added up to 11, which translates to category V. *Id.* at 28, ¶129.